Mark **DELAPLANE,** Petitioner–Appellant,

v.

John **MARSHALL,** Warden, Respondent–Appellee.

No. 04–55194.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed April 23, 2008.

Monica Knox, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Jane Catherine Malich, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

The State of California Board of Prison Terms ("Board") cited Delaplane's escalating pattern of criminal conduct, the multiple victims, the murder of a witness who was planning to testify against him, and the fact that he was convicted of first-degree murder, when it refused to set a parole release date. The Board also noted the District Attorney's opposition to parole, and it found that Delaplane "needs

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

continued therapy in order to face, discuss, understand and cope with stress in a non-destructive manner" and that he "continues to be unpredictable and a threat to others" in the absence of further progress. These findings are supported by the record, including Delaplane's continuing denial of the murder and including psychological evaluations, during a period of more than a decade, which characterized Delaplane as manipulative. The Board thus relied on "some evidence" in support of its decision. *Biggs v. Terhune,* 334 F.3d 910, 915 (9th Cir.2003).

For this reason, it cannot be said that the California Supreme Court, in denying Delaplane's habeas petition, acted in a way that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). *Hayward v. Marshall,* 512 F.3d 536 (9th Cir.2008), does not counsel otherwise for several reasons. Here, unlike in *Hayward,* the Board did not have "successive favorable views of his application for release." *Id.* at 546. Rather, the Board never has recommended parole. In *Hayward,* unlike in this case, the initial crime resulted from "unusual provocation," *id.* at 544, rather than from a calculated effort to silence a witness. And unlike Delaplane, "Hayward has accepted responsibility for his crime." *Id.*

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.